# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM JAMES SCHOENECKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV 19-88-RAW-SPS |
| | ) | |
| CIMARRON CORRECTIONAL | ) | |
| FACILITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, requesting relief for alleged constitutional violations occurring at Cimarron Correctional Facility in Cushing, Oklahoma (Dkt. 1). The defendants are Cimarron Correctional Facility; Cushion [sic] Medical [CoreCivic] Nurse, Nurse Practitioner, Doctor; and Does 1-3.

On April 23, 2019, the Court directed Plaintiff to file an amended complaint (Dkt. 6). Upon further review, however, the Court finds Plaintiff's challenges to the conditions of his confinement at Cimarron Correctional Facility were not properly brought in this district.

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred . . . .

28 U.S.C. § 1391(b).

While Plaintiff currently is incarcerated at the Davis Correctional Facility, which is located within the territorial jurisdiction of the Eastern District of Oklahoma, he alleges Defendants "Cushion Medical [CoreCivic] Nurse, Nurse Practitioner, Doctor" have an address of "Cushion," Oklahoma, which the Court construes as Cushing, Oklahoma. He does not list addresses for Defendants Doe 1-3. Plaintiff also asserts the incidents of which he complains occurred at the Cushing facility. The Court thus concludes venue does not lie in this federal district.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a). The Court, therefore, finds that because venue is proper in the Western District of Oklahoma, Plaintiff's action "might have been brought" there. *Id*. The Court further finds the transfer of this action to the Western District of Oklahoma is "in the interest of justice." *Id*.

**ACCORDINGLY,** this Court's Opinion and Order to file an amended complaint (Dkt. 6) is hereby STRICKEN, and this action is TRANSFERRED to the Western District of Oklahoma.

**IT IS SO ORDERED** this 7th day of May 2019.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma